### KNOWLEDGE OF EMPLOYEE AS TO RISK INVOLVED.

Circuit Court of Cuyahoga County.

CHARLES H. PRESCOTT ET AL v. ALBERTINA ALBRECHT, ADMINISTRATRIX.

Decided, October 27, 1905.

*Trials—Cross-Examination of Hostile Witness—Negligence—Assumption of Risk Where Equal Means of Knowledge—Want of Knowledge in Employee Not Presumed.*

1. It is within the sound discretion of the trial court to allow, or refuse to permit the cross-examination of a witness upon the ground that he is hostile to the party calling him.
2. The doctrine of assumed risk applies where an employee either has knowledge of his employer's alleged negligence, or has equal means of knowing of the alleged dangerous conditions, and it is

error to charge that the doctrine does not apply unless he had both knowledge *and* equal means of knowing.

3. An employee assumes the risks of which he knows or with which he is chargeable with knowledge, irrespective of whether they are ordinarily and usually incident to the employment.

4. The mere fact that a certain condition is new to that locality raises no presumption that an employee is ignorant of its dangers.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is a proceeding in error whereby it is sought to reverse a judgment for $5,000 recovered March 1, 1905, by the defendant in error against the plaintiffs in error, partners as the Saginaw Bay Company, in an action for death by wrongful act.

The decedent, Albert Albrecht, was killed July 16, 1902, while in the employ of the Saginaw Bay Company, in whose service he had been engaged for many years, at their lumber yard at Cleveland. This yard includes a certain dock or docks, on the Cuyahoga river, alongside of which the schooner Oneonta lay discharging her cargo of lumber on said date. One of her lines was made fast by her crew to a lumber pile in said yard and slanted upwards from the edge of the dock to a point some distance away, and about 9 or 10 feet above the floor of the dock, being a foot or two below the top of the lumber pile.

The defendant's duties were to assort the boards that were laid by the stevedores on the dock, in order that the workmen in the yard might put them into proper piles. These duties brought him from time to time under the schooner's line and near the lumber pile to which it was fastened. It is claimed, however, that such was the urgency of his work while the schooner was being unloaded, and so constantly was his gaze directed downwards upon the lumber which he was measuring and marking, that he can not be presumed to have noticed the schooner's line overhead, or the manner in which it was fastened.

While the decedent was thus occupied, a vessel moving rapidly along the river, by its wash, caused the Oneonta to strain at her moorings so that the top of the lumber pile was pulled down on Albrecht's head and killed him, and it is claimed that his employers are liable therefor because they permitted the schooner to be thus moored.

The record which we are called upon to review exhibits all the evidence by means of a bill of exceptions. The first error alleged is that the court below erroneously ruled that one Fred Glauser, a witness for the plaintiff below, was hostile to the party calling him, so that the latter was held entitled to cross-examine him; and that, in the cross-examination which ensued, the substance of the coroner's previous examination of the same witness was gotten before the jury, and permitted by them to be considered as independent evidence of facts thereby disclosed, notwithstanding that some of it was originally opinion and hearsay, and was further incompetent because not reiterated by the witness under oath before the jury.

From our examination of the bill of exceptions we are not prepared to say that the trial judge, who had opportunity to observe the demeanor of the witness on the stand, was guilty of any abuse of discretion in permitting him to be cross-examined by the party calling him, notwithstanding that the record discloses but the meagerest grounds for ruling that he manifested hostility to the plaintiff below. Nor do we find anything prejudicial to the plaintiff in error in the disclosure to the jury of those portions of the coroner's record concerning which the witness was interrogated. True, they were admissible only as affecting the credibility of the witness and not as independent evidence of the facts so disclosed, and the court should so have instructed the jury as asked in the plaintiff's fourth request (*Henley* v. *State*, 36 Ohio State, 320, 342). But the opinions and hearsay contained in the coroner's examination, as well as the matters therein which, on the trial, the witness qualified, or refused to confirm, all related to uncontested or unimportant circumstances which, we think, could not possibly harm the defendants below before the jury.

The second assignment of error is upon the granting of the plaintiff's first request to charge as follows:

"If you find from the evidence that at or just prior to the accident which caused the death of the plaintiff's decedent, a boat, steamer or vessel, passed through the river, going towards the lake, and opposite the Oneonta, and that the passing of said

boat created a swash, or other disturbance in the river, which caused the Oneonta to swerve outward from the dock and thus pull down the lumber pile to which the one part of the Oneonta had been made fast by a rope, and that Albert Albrecht, deceased, had no notice and did not know that such vessel was then passing through the river outside and beyond the Oneonta, and that the passing of such vessel would create a swash or disturbance in the river that would cause the Oneonta to swerve outward from the dock and pull down the lumber pile near which he was working, then I say to you that he did not assume the risk which was created by the passing of said vessel; and you must find from the testimony that the said Albert Albrecht just prior to his injury had knowledge and equal means of knowing with the defendants that owing to the passing of a vessel opposite the Oneonta, as said Oneonta was then tied to said lumber pile, an unsafe condition would be created, and that said unsafe condition would endanger his life or limb, before he can be charged to have assumed the risk of working as he was working at the time he was injured, and in the place he was injured.

It may well be doubted whether the question of Albrecht's assumption of the risk of injury, from the wrongful conduct complained of, should be made to turn merely on his notice or want of notice of the fact that a vessel was passing along the river at the time of or just prior to the accident. That was an event which was likely to occur at any time, and he may have had notice of the likelihood of its occurring at any time without having notice that it then was in fact occurring. The real fact, on which this issue of assumption of risk should have been made to turn, is Albrecht's notice or want of notice of all the circumstances which together constituted the continuing danger there menacing him. But, in any event, this request is technically erroneous because it exonerates Albrecht from the assumption of risk of defendant's alleged negligence unless he had both "knowledge and equal means of knowing with the defendants" that such risk existed; whereas the law is that either actual knowledge or equal means of knowing, suffices to show such assumption in the case of an experienced employee. We hold that it was error to grant this request. *Coal & Car Co.* v. *Norman,* 49 Ohio State, 599; *The Penna Co.* v. *McCurdy,* 66 O. S., 118.

The second request of plaintiff below, as given, is also complained of here. It reads as follows:

"Albert Albrecht, the plaintiff's decedent, at and just prior to the time he was injured had a right to assume and rely upon the assumption that the defendants would discharge their duty towards him fully, as to keeping the place where he was working in a safe condition and free from danger, and he was only chargeable with such risks as were ordinarily and usually incident to the business in which he was employed."

This proposition is perhaps correct so far as it goes, but it lacks this essential qualification, viz: that risks, of which the employee has, or is chargeable with, notice, are also assumed by him, irrespective of their being ordinarily and usually incident to the business (*Coal Co.* v. *Estievenard*, 53 O. S., 43). And if particular risk in controversy in this case was assumed by Albrecht, it was not because it was usual, but because it was obvious. We think this request was misleading and that it should have been refused.

Error is predicated also of the allowance of plaintiff's third request, which reads:

"Unless you find from the testimony that the conditions existing at and before Albert Albrecht was injured and killed were so obviously dangerous that with the use of ordinary care and skill, danger was so imminent that none but a careless and heedless man would incur it, then the defendant would be liable, if such dangerous conditions were created by them or permitted by them to exist at and before the time that Albrecht was injured and killed."

This request is far from clear, but apparently it is an attempt to apply the doctrine of *The Van Duzen Gas & Gasoline Engine Co.* v. *Schelies*, 61 O. S., 298, to the facts of this case, which do not admit of such application. In that case, Schelies was injured while attempting to obey the peremptory order of his foreman, and without time or opportunity to reflect upon or realize the danger of such obedience. The doctrine does not apply to dangers encountered by an employee in the discretionary performance of duties, enjoined upon him by a superior, who

is not personally present, directing the means and manner of such performance (*The Northern Ohio Ry.* v. *Rigby*, 63 O. S., 184). We hold that the charge thus requested was misleading and erroneous, and should have been refused.

A further claim of error relates to the granting of the fourth request of plaintiff below, viz:

"The plaintiff's decedent, Albert Albrecht, assumed only the ordinary and obvious or known risks incident to the service in which he was engaged. He can not be said to have taken all the risks of the service. Such as are usually incident thereto and such as he ought to have known were incident thereto, or such as came to his knowledge and of which he made no complaint, and to which he did not object may fairly be said to have been assumed by him."

The law is that, as already stated, an employee of experience assumes the ordinary and obvious and known risks, including not only those which come to his knowledge but those of which he has equal means of knowledge with his employer. The granting of this request was also error.

The giving of the seventh request of plaintiff below is also alleged as error. It reads:

"If you find from the evidence that before the time the plaintiff's decedent was injured by the falling of said lumber pile, boats discharging lumber had not been tied to the lumber piles on the dock, and you further find that the said Albert Albrecht was not aware that a vessel was passing at the time or just before he was injured, and did not know that the passing of said vessel would cause the Oneonta to leave the dock and pull down the lumber pile upon him, then I say to you that the danger of the pile of lumber falling was not assumed risk or hazard that can be charged against the said Albert Albrecht and I say to you further, if you find from the evidence that vessels were not before the day that Albrecht was injured, tied to the lumber piles of the defendant or fastened to them, and that tying or fastening a vessel or boat to a lumber pile created a new danger, such danger was not ordinarily incident to the business, and the fact that it has never before occurred, if you find that to be the fact, creates a presumption that the said Albert Albrecht had no knowledge and was not aware that said lumber pile would fall as it did upon the occasion that he was injured."

What has been said as to the first request of plaintiff below, applies also to the first branch of this request. As to the second branch, we think no presumption of Albrecht's ignorance of the effect of tying a vessel to a lumber pile arises from the fact that he had never seen a vessel so tied before.

His long experience there must have taught him that vessels must be securely tied, or else the swash of other passing craft will cause them to strain at their moorings, and perhaps break away. We hold that the charge thus requested was erroneous.

It is claimed further that the court erred in charging the jury, in substance (pages 70 and 71 of the bill), that if Albrecht, being aware of the dangerous conditions surrounding him, had reason to believe that defendants or their foreman would keep a lookout and give him timely warning of what was going on, at the time, in the river and upon the docks, he might recover notwithstanding his knowledge. There was no evidence to submit to the jury upon this theory of plaintiff's right to recover, and it was a misleading test of the existence of such right. The charge of the court in this particular was erroneous.

And this brings us to the final assignment of errors, viz: the court's refusal to grant the motion of the defendants below, made at the close of plaintiff's evidence for the direction of a verdict in their favor. Defendants below offered no evidence whatever. The whole case presented by the evidence in this record turns upon the question whether Albrecht, an experienced and intelligent employee familiar with those docks, had equal means with his employers of knowing the source of danger to which he fell victim.

There is evidence that one of the defendants below was present on the dock, so that he must have seen the manner in which the vessel was tied. If the foreman, who was also there, was superior in authority to Albrecht, his knowledge of the situation, afforded them, through him, additional notice.

Had Albrecht equal means of knowing? There is no averment in the petition that he was without such constructive notice. But waiving that, we think he must have known as much about the situation as either his employers or their foreman.

True, he was intent upon his work, but the schooner was tied to the lumber pile for some hours. He could not have passed and repassed beneath the line during that period of time without observing it. He surely knew, quite as well as his employers, how much strain a lumber pile would stand. He must have known, too, that vessels strain at their moorings. Doubtless neither he nor his employers expected that he would be killed. But they had substantially equal means of knowing that he might be. We think the motion to direct a verdict should have been granted.

For these reasons, the judgment below is reversed and the cause remanded for new trial.